UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                                Chapter 7

BAILEY BUONIELLO,
                                                                      Case No.: 24-74425-las

                           Debtor.
-----------------------------------------------------------------X

## AFFIRMATION IN SUPPORT FOR AN ORDER (I) DIRECTING A RESPONSIBLE PARTY OF WHATNOT INC. TO COOPERATE AND COMPLY WITH THE SUBPOENA FOR RULE 2004 EXAMINATION AND TURNOVER DOCUMENTS; AND (II) ORDER DIRECTING MICHELE S. SILVERMAN TO COOPERATE AND COMPLY WITH THE SUBPOENA FOR RULE 2004 EXAMINATION AND TURNOVER DOCUMENTS

Josh Guberman ("Guberman") a creditor of Bailey Buoniello (the "Debtor"), by and through his counsel Certilman Balin Adler & Hyman, LLP, as and for his application (the "Application") pursuant to 11 U.S.C. §105 and Rules 2004 and 9014 of the Federal Rules of Bankruptcy for an Order (i) directing a responsible party of Whatnot Inc., to cooperate with Guberman, comply with the Subpoena for Rule 2004 Examination dated March 27, 2025 and served on March 31, 2025, and turnover the documents requested therein and appear for an examination; (ii) directing Michele P. Silverman of Silverman & Associates, to cooperate with Guberman, comply with the Subpoena for Rule 2004 Examination dated March 18, 2025 and served on March 31, 2025, and supplemental request dated May 2, 2025, and turnover the documents requested therein and appear for an examination; and (iii) for such, other further and related relief as the Court deems just, proper and equitable.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Eastern District of New

1

York, dated July 10, 1984 (Weinstein, Chief Judge). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The relief sought in this Application is based upon 11 U.S.C. §105 and Rules 2004 and 9016 of the Federal Rules of Bankruptcy.

## BACKGROUND FACTS

3.      On November 20, 2024 (the "Filing Date"), the Debtor filed a voluntary Chapter 7 petition, and on November 20, 2024, Marc A. Pergament (the "Trustee") was appointed as the Trustee for the estate of the Debtor and is now qualified to act as such Trustee.

4.      Prior to the Filing Date, on April 24, 2023, Guberman commenced an action against the Debtor and Live Poke Auctions, LLC ("LPA") in the Supreme Court of the State of New York, County of Suffolk, under index number 610381/2023, seeking to recover damages in the amount of $350,000.00 stemming from the Debtor's breach of an agreement entered into between Guberman and the Debtor in 2022 to which Guberman relied on the Debtor's misrepresentations. Pursuant to the agreement, Guberman was to purchase merchandise for resale and manage the financial operational side of LPA expanding online trading and sports card sales business and the Debtor, would continue to handle the online streaming, sales and promotion. Guberman invested $350,000.00 and in exchange for the investment, Guberman and the Debtor agreed that when the Debtor sold the items that Guberman purchased, Guberman was to have the purchase price returned to him plus 50% profit, and the Debtor would keep the other 50% profit. This agreement was abruptly terminated by the Debtor and Guberman did not receive any return of his investment.

8584717.1

5.    The Debtor's first §341A Meeting of Creditors ("341 Meeting") was scheduled for January 2, 2025, at 2:00 p.m. However, the 341 Meeting did not go forward and was adjourned to January 16, 2025, at 2:00 p.m. The Debtor appeared with counsel and was examined by the Trustee. The 341 Meeting has been adjourned from time to time and is now scheduled, for holding date purposes, to June 24, 2025, at 3:15 p.m.

6.    On March 24, 2025, Guberman filed the Ex-Parte Application for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing Josh Guberman to Issue Subpoenas Directing Examination of and Production of Documents by a Responsible Party of Whatnot Inc (Dkt. No. 46)("Whatnot Application"). On March 25, 2025, the Whatnot Application was granted, and the Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing Josh Guberman to Issue Subpoenas Directing Examination and Production of Documents by a Responsible Party of Whatnot Inc. (Dkt. No. 48)("Whatnot Order") was entered.

7.    On March 27, 2025, the Subpoena for Rule 2004 Examination ("Whatnot Subpoena"), Whatnot Application, and Whatnot Order were served upon Whatnot Inc. ("Whatnot"), at its principal place of business located at 578 Washington Blvd, #1019, Marina Del Rey, California 90292. The Whatnot Subpoena requested the production of documents by April 17, 2025, at 10:00 a.m. and the scheduling of the examination will take place at a later date. Annexed hereto as **"Exhibit A"** is a copy of the Whatnot Subpoena.

8.    On Mach 31, 2025, the Whatnot Subpoena was received by Whatnot pursuant to the attached Federal Express confirmation which is annexed hereto as **"Exhibit B"**.

9.    Whatnot did not comply with the terms of the Subpoena and forward the requested documentation. On May 9, 2025, correspondence was sent to Whatnot, via first class and certified

8584717.1

mail, enclosing the subpoena and requesting compliance. Annexed hereto as **"Exhibit C"** is a copy of said correspondence. Pursuant to the executed certified mail cards, this correspondence was received by Whatnot. Annexed hereto as **"Exhibit D"** is a copy of the mail cards.

10.    On March 14, 2025, Guberman filed the Ex-Parte Application for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing Josh Guberman to Issue Subpoenas Directing Examination of and Production of Documents by Michele P. Silverman of Silverman & Associates (Dkt. No. 43)("Silverman Application"). On March 17, 2025, the Silverman Application was granted and the Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing Josh Guberman to Issue Subpoenas Directing Examination and Production of Documents by Michele P. Silverman of Silverman & Associates. (Dkt. No. 44)("Silverman Order") was entered.

11.    On March 27, 2025, the Subpoena for Rule 2004 Examination ("Silverman Subpoena"), Silverman Application, and Silverman Order were served upon Michele P. Silverman of Silverman & Associates ("Silverman"), at the principal place of business located at 15 Frowein Road, Bldg A3, East Moriches, New York 11940. The Silverman Subpoena requested the production of documents by April 8, 2025, at 10:00 a.m. and the scheduling of the examination for April 17, 2025. Annexed hereto as **"Exhibit E"** is a copy of the Silverman Subpoena.

12.    Silverman produced certain documents pursuant to the Silverman Subpoena and appeared at an examination on April 8, 2025. The examination commenced, however Silverman expressed that she did not want to continue without counsel. Additional documents were requested from Silverman.

13.    Silverman has retained Charles Wallshein, Esq. to represent her in the continued

4

2004 examination. The parties agreed to adjourn the 2004 examination to May 28, 2025, at 12:00 p.m. with the documents to be produced by May 21, 2025. By email correspondence dated May 2, 2025 ("Supplemental Request"), the transcript of the first examination was sent to Silverman's counsel, along with a list of the additional documents that were requested, and confirming the date for the documents to be produced and the continued examination. Annexed hereto as **"Exhibit F"** is a copy of said correspondence.

14.     Notwithstanding the agreed upon date for the turnover of documents, counsel for Guberman has not received any of the documents despite several follow-up emails.

15.     It is imperative that Guberman receives all documents in Whatnot and Silverman's possession that is requested in the Whatnot Subpoena and Silverman Subpoena and Supplemental Request to investigate the Debtor's business and financial affairs.

### **BASIS FOR RELIEF**

16.     Bankruptcy Rule 2004 provides "on motion of any party in interest, the court may order the examination of any entity". Fed.R.Bankr.P.2004.

> (b)     the examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.
>
> (c )     the attendance of an entity for examination and for the production of documents or electronically stored information, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial".

17.     Clearly, Whatnot and Silverman have a duty under the Bankruptcy Code to immediately cooperate with Guberman.

8584717.1

18.    By virtue of the foregoing, it is respectfully requested that an Order be entered directing a responsible party of Whatnot and Silverman to cooperate with Guberman and produce documents and appear for examination.

19.    As the issues herein are neither novel nor difficult and Guberman cites to the relevant statutory and case law, Guberman respectfully submits that a memorandum of law is not necessary in this instance pursuant to Local Bankruptcy Rule 9013-1(a).

**WHEREFORE**, in view of the foregoing, it is respectfully requested that an Order be entered pursuant to 11 U.S.C. §105 and Rules 2004 and 9014 of the Federal Rules of Bankruptcy for an Order (i) directing a responsible party of Whatnot Inc., to cooperate with Guberman, comply with the Subpoena for Rule 2004 Examination dated March 27, 2025 and served on March 31, 2025, and turnover the documents requested therein and appear for an examination; (ii) directing Michele P. Silverman of Silverman & Associates, to cooperate with Guberman, comply with the Subpoena for Rule 2004 Examination dated March 18, 2025 and served on March 31, 2025, and turnover the documents requested therein, and supplemental request dated May 2, 2025, and appear for an examination; and (iii) for such, other further and related relief as the Court deems just, proper and equitable.

Dated: East Meadow, New York
       June 18, 2025

        **CERTILMAN BALIN ADLER & HYMAN, LLP**
        Counsel to Josh Guberman

        By:_____/s/ Richard J. McCord_____
            **RICHARD J. MCCORD, ESQ**.
            90 Merrick Avenue
            East Meadow, New York 11554
            Phone: (516) 296-7000

8584717.1