# EXHIBIT A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

EASTERN District of NEW YORK

In re BAILEY BUONIELLO,
Debtor

Case No. 24-74425-las

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Responsible Party, Whatnot Inc.
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| CERTILMAN BALIN ADLER & HYMAN, LLP<br>90 MERRICK AVENUE, 9TH FLOOR<br>EAST MEADOW, NEW YORK 11554 | DOCUMENTS TO BE PRODUCED BY:<br>APRIL 17, 2025 AT 10:00 A.M. |

*Please note: Whatnot Inc will be contacted after receipt of the documents to schedule a 2004 examination if necessary.

The examination will be recorded by this method: ______

☒ *Production:* You, or your representatives, must ~~also bring with you to~~ provide prior to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Pursuant to the attached Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing Josh Guberman to Issue Subpoenas Directing Examination of and Production of Documents by a Responsible Party of Whatnot Inc., signed by the Honorable Louis A. Scarcella on March 25, 2025, copies of all documents reflected on Exhibit A annexed hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/27/25

CLERK OF COURT

______
*Signature of Clerk or Deputy Clerk*

OR

______
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* JOSH GUBERMAN, who issues or requests this subpoena, are:
RICHARD J. MCCORD, ESQ., CERTILMAN BALIN ADLER & HYMAN, LLP, 90 MERRICK AVENUE, 9TH FLOOR, EAST MEADOW, NEW YORK 11554, 516-296-7801, RMCCORD@CERTILMANBALIN.COM

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________
______________________________ on *(date)* ________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________________ .

My fees are $ ________ for travel and $________ for services, for a total of $________ .

I declare under penalty of perjury that this information is true and correct.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re: Chapter 7

Bailey Buoniello, Case No.: 8-24-74425-las

Debtor.
-----------------------------------------------------------X

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING JOSH GUBERMAN TO ISSUE SUBPOENAS DIRECTING EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY A RESPONSIBLE PARTY OF WHATNOT INC.**

Josh Guberman (the "Movant") filed an *ex parte* application, dated March 24, 2025 (the "Application") [ECF No. 46], for an order pursuant to Fed. R. Bankr. P. 2004 seeking authorization to issue subpoenas directing (i) the production of documents by Whatnot Inc. (the "Discovery Party") responsive to the requests set forth on the schedule attached as Exhibit A to the Application (the "Requests") and (ii) the oral examination, under oath, of a responsible party of the Discovery Party; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a); and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

1. The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination, under oath, of a responsible party of the Discovery Party.

2. The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents responsive to the Requests and attendance for the foregoing

examination without prejudice to the right of the Discovery Party to object in accordance with the applicable rules.

3. Unless otherwise agreed by the Movant and the Discovery Party, or subsequently ordered by the Court, the Discovery Party shall produce documents (including electronically stored information) in its possession, custody or control responsive to the Requests not later than twenty (20) days after the service of such subpoena, the Application, and a copy of this Order. Responsive documents shall be delivered to Movant's counsel, Certilman Balin Adler & Hyman, LLP, Attn: Richard J. McCord, Esq.

4. The Discovery Party shall appear for the foregoing examination not later than thirty (30) days after the date of service of such subpoena, the Application, and a copy of this Order at the offices of Certilman Balin Adler & Hyman, LLP.

5. The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld based on an asserted privilege, the Discovery Party shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

6. The Discovery Party shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

7. All disputes concerning the subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers. After reviewing the letter briefs, the Court will determine whether argument will be heard and, if so, advise the parties of the argument date.

8. This Order is without prejudice to the right of Movant to seek further discovery pursuant to Fed. R. Bankr. P. 2004 or otherwise of the Discovery Party or any other person or entity.

9. The terms and conditions of this Order shall be effective immediately and enforceable upon entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: March 25, 2025
Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge

Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to Josh Guberman
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

BAILEY BUONIELLO,

Debtor.

-------------------------------------------------------X

Chapter 7
Case No.: 24-74425-las

**APPLICATION FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING JOSH GUBERMAN TO ISSUE SUBPOENAS DIRECTING EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY A RESPONSIBLE PARTY OF WHATNOT INC.**

**TO: THE HONORABLE LOUIS A. SCARCELLA
UNITED STATES BANKRUPTCY JUDGE
EASTERN DISTRICT OF NEW YORK**

Josh Guberman ("Guberman") a creditor of Bailey Buoniello (the "Debtor"), by and through his counsel Certilman Balin Adler & Hyman, LLP, as and for his *ex-parte* application (the "Application") pursuant to Bankruptcy Rule 2004 for an Order (i) authorizing Guberman to issue a subpoena directing examination of a responsible party of Whatnot Inc. ("Whatnot"), with knowledge and information pertaining to the Debtor, and production of documents; and (ii) and for such other, further and different relief as this Court may deem just, proper and equitable.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Eastern District of New

York, dated July 10, 1984 (Weinstein, Chief Judge). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought in this Application is based upon Bankruptcy Rule 2004.

## PROCEDURAL HISTORY

3. On November 20, 2024 (the "Filing Date"), the Debtor filed a voluntary Chapter 7 petition, and on November 20, 2024, Marc A. Pergament (the "Trustee") was appointed as the Trustee for the estate of the Debtor and is now qualified to act as such Trustee.

4. Prior to the Filing Date, on April 24, 2023, Guberman commenced an action against the Debtor and Live Poke Auctions, LLC ("LPA") in the Supreme Court of the State of New York, County of Suffolk, under index number 610381/2023, seeking to recover damages in the amount of $350,000.00 stemming from the Debtor's breach of an agreement entered into between Guberman and the Debtor in 2022 to which Guberman relied on the Debtor's misrepresentations. Pursuant to the agreement, Guberman was to purchase merchandise for resale and manage the financial operational side of LPA expanding online trading and sports card sales business and the Debtor, would continue to handle the online streaming, sales and promotion. Guberman invested $350,000.00 and in exchange for the investment, Guberman and the Debtor agreed that when the Debtor sold the items that Guberman purchased, Guberman was to have the purchase price returned to him plus 50% profit, and the Debtor would keep the other 50% profit. This agreement was abruptly terminated by the Debtor and Guberman did not receive any return of his investment.

5. The Debtor's first §341A Meeting of Creditors ("341 Meeting") was scheduled for January 2, 2025, at 2:00 p.m. ("341 Meeting"). However, the 341 Meeting did not go forward and was adjourned to January 16, 2025, at 2:00 p.m. The Debtor appeared with counsel and was

examined by the Trustee. The 341 Meeting has been adjourned to April 9, 2025 at 4:00 p.m.

6. On January 30, 2025, the Order Granting Motion for 2004 Examination of Debtor (Dkt. No. 24) was entered. On February 3, 2025, Guberman served a Subpoena for Rule 2004 Examination ("Subpoena") upon the Debtor via federal express.

7. In connection with the Debtor's response to the request for documents contained in the Subpoena, the Debtor stated that the only documentation he had regarding the sale of trading cards on any online platform were documents from Whatnot. However, these documents are not clear as to the amount of sales and funds received by the Debtor from Whatnot.

8. Upon information and believe, the Debtor has or had an interest in the following companies: Live Poke Auctions, Inc.; TCG Lovers Inc., Born Real Jewelry, Cryptid Camp, Bailey Wicks Candle Company; and Cardora Collection ("Buoniello Businesses").

9. Guberman would like to conduct an examination of a responsible party of Whatnot with knowledge and information pertaining to the Debtor, to fully investigate the financial affairs of the Debtor, and to obtain documents, including but not limited to, correspondence, emails, ledgers, account statements, invoices, any financial documents reflecting the description and amount of sales by the Debtor and the Buoniello Businesses utilizing the Whatnot platform and communications with Whatnot. Annexed hereto as **"Exhibit A"** is a list of the documents requested.

**RELIEF REQUESTED**

10. In view of the foregoing, Guberman requests an Order authorizing Guberman to issue a subpoena to examine Whatnot, regarding the Debtor's financial affairs, and request the production of documents, including but not limited to, including but not limited to, ledgers, account statements, invoices, any financial documents reflecting the description and amount of

sales by the Debtor and the Buoniello Businesses utilizing the Whatnot platform, pursuant to Bankruptcy Rule 2004.

11. Bankruptcy Rule 2004 provides "on motion of any party in interest, the court may order the examination of any entity". Fed.R.Bankr.P.2004.

> (b) the examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Consequently, the Trustee respectfully requests that the Court enter the proposed Rule 2004 Order filed herewith.

12. Additionally, Guberman seeks authorization to serve the Order and a subpoena deuces tecum ("Subpoena"), by overnight mail, upon the Whatnot, to compel the production of documents from Whatnot, and to compel Whatnot to appear for an examination, at 578 Washington Boulevard, #1019, Marina Del Rey, California 90292. The time to produce the documents requested by, object to, move to quash or otherwise respond to the Subpoena shall be the time established by Rule 45 of the Federal Rules of Civil Procedure made applicable hereto by Bankruptcy Rule 9016.

13. As there are no novel issues of law, it is respectfully requested that the Court waive the requirement of LBR 9013-1(a) that a separate memorandum of law be submitted in connection with this application.

14. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** it is respectfully requested that an Order be entered pursuant to Rule 2004 of the Bankruptcy Rules, Order (i) authorizing Guberman to issue a subpoena directing examination of and production of documents by Whatnot Inc; and (ii) and for such other, further and different relief as this Court may deem just, proper and equitable.

Dated: East Meadow, New York
       March 24, 2025

                         **CERTILMAN BALIN ADLER & HYMAN, LLP**
                         Counsel to Josh Guberman

                         By: /s/ Richard J. McCord
                               **RICHARD J. MCCORD, ESQ.**
                               90 Merrick Avenue
                               East Meadow, New York 11554
                               Phone: (516) 296-7000

# EXHIBIT A

Bailey Buoniello
Chapter 7
Case No.:8-24-74425-las

***DOCUMENTS REQUESTED IN CONNECTION WITH 2004 EXAMINATION OF A RESPONSIBLE PARTY OF WHATNOT INC.***

1. Copies of any and all documents between Whatnot Inc., Bailey Buoniello ("Debtor") or any of the Debtor's businesses, including but not limited to, Live Poke Auctions LLC, TCG Lovers Inc, Born Real Jewelry, Cryptid Camp, Bailey Wicks Candle Company, and Cardora Collective, including but not limited to, emails, correspondence, ledgers, account statements, invoices, any financial documents reflecting the description and amount of sales by the Debtor and the Buoniello Businesses utilizing the Whatnot Inc. platform.