# EXHIBIT E

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

___EASTERN___ District of ___NEW YORK___

In re ___BAILEY BUONIELLO,___
Debtor

Case No. ___24-74425-las___

Chapter ___7___

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___MICHELE P. SILVERMAN OF SILVERMAN & ASSOCIATES___
*(Name of person to whom the subpoena is directed)*

[x] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| CERTILMAN BALIN ADLER & HYMAN, LLP<br>90 MERRICK AVENUE, 9TH FLOOR<br>EAST MEADOW, NEW YORK 11554 | DOCUMENTS TO BE PRODUCED BY:<br>APRIL 8, 2025 AT 10:00 A.M.<br>EXAMINATION WILL BE HELD ON:<br>APRIL 17, 2025 AT 12:00 P.M.* |

*PLEASE NOTE: THIS EXAMINATION WILL BE HELD VIRTUALLY. PLEASE CONTACT THE UNDERSIGNED IN ADVANCE TO RECEIVE THE ZOOM LINK FOR THE EXAMINATION.

The examination will be recorded by this method: ___COURT REPORTER___

[x] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Pursuant to the attached Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing Josh Guberman to Issue Subpoenas Directing Examination and Productive of Documents by Michele P. Silverman of Silverman & Associates, signed by the Honorable Louis A. Scarcella on March 17, 2025, copies of all documents reflected on Exhibit A annexed hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/18/25

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___JOSH GUBERMAN___, who issues or requests this subpoena, are:

RICHARD J. MCCORD, ESQ., CERTILMAN BALIN ADLER & HYMAN, LLP, 90 MERRICK AVENUE, 9TH FLOOR, EAST MEADOW, NEW YORK 11554, 516-296-7801, RMCCORD@CERTILMANBALIN.COM

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Bailey Buoniello
Chapter 7
Case No.:8-24-74425-las

### *DOCUMENTS REQUESTED IN CONNECTION WITH 2004 EXAMINATION OF MICHELE P. SILVERMAN OF SILVERMAN & ASSOCIATES*

1. Bank account statements, in your possession, for all accounts held by Bailey Buoniello (the "Debtor") and or any business that the Debtor has an ownership interest in, for 2022, 2023 and 2024, including copies of cancelled checks;
2. Full Copies of the Debtor's Personal Income Tax Returns and for 2021, 2022, 2023 and 2024;
3. Full copies of the income tax returns for any business that the Debtor had an ownership interest in for 2021, 2022, 2023, and 2024;
4. Copies of all documents utilized by Silverman & Associates ("Silverman") in connection with preparing the Debtor's 2021 tax returns;
5. Copies of all documents utilized by Silverman to determine that the Debtor did not need to file 2022 income tax returns;
6. Synopsis of how Silverman determined that the Debtor did not need to file 2022 income tax returns;
7. Copies of all documents used by Silverman in the preparation of any tax returns filed by the Debtor and/or any business the Debtor has or had an ownership interest in the last six years;

8515099.1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                                    Chapter 7

Bailey Buoniello,                                                                 Case No.: 8-24-74425-las

                                    Debtor.
----------------------------------------------------------X

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING JOSH GUBERMAN TO ISSUE SUBPOENAS DIRECTING EXAMINATION AND PRODUCTION OF DOCUMENTS BY MICHELE P. SILVERMAN OF SILVERMAN & ASSOCIATES**

Josh Guberman (the "Movant") filed an *ex parte* application, dated March 13, 2024 (the "Application"), for an order pursuant to Fed. R. Bankr. P. 2004 seeking authorization to issue subpoenas directing (i) the production of documents by Michele P. Silverman of Silverman & Associates (the "Discovery Party") responsive to the requests set on the schedule attached as Exhibit B to the Application (the "Requests") and (ii) the oral examination, under oath, of the Discovery Party; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a); and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

1. The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination, under oath, of the Discovery Party.

2. The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas

for the production of documents responsive to the Requests and attendance for the foregoing examination without prejudice to the right of the Discovery Party to object in accordance with the applicable rules.

3. Unless otherwise agreed by the Movant and the Discovery Party, or subsequently ordered by the Court, the Discovery Party shall produce documents (including electronically stored information) in its possession, custody or control responsive to the Requests not later than twenty (20) days after the service of such subpoena, the Application, and a copy of this Order. Responsive documents shall be delivered to Movant's counsel, Certilman Balin Adler & Hyman, LLP, Attn: Richard J. McCord, Esq.

4. The Discovery Party shall appear for the foregoing examination at the offices of Certilman Balin Adler & Hyman, LLP not later than thirty (30) days after the date of service of such subpoena, the Application, and a copy of this Order.

5. The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld based on an asserted privilege, the Discovery Party shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

6. The Discovery Party shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

7. All disputes concerning the subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers. After reviewing the letter briefs, the Court will determine whether argument will be heard and, if so, advise the parties of the

argument date.

8. This Order is without prejudice to the right of Movant to seek further discovery pursuant to Fed. R. Bankr. P. 2004 or otherwise of the Discovery Party or any other person or entity.

9. The terms and conditions of this Order shall be effective immediately and enforceable upon entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.



Dated: March 17, 2025
Central Islip, New York

_____
Louis A. Scarcella
United States Bankruptcy Judge

Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to Josh Guberman
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

BAILEY BUONIELLO,

                Debtor.

-----------------------------------------------------------X

Chapter 7
Case No.: 24-74425-las

**APPLICATION FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING JOSH GUBERMAN TO ISSUE SUBPOENAS DIRECTING EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY MICHELE P. SILVERMAN OF SILVERMAN & ASSOCIATES**

**TO:    THE HONORABLE LOUIS A. SCARCELLA
         UNITED STATES BANKRUPTCY JUDGE
         EASTERN DISTRICT OF NEW YORK**

Josh Guberman ("Guberman") a creditor of Bailey Buoniello (the "Debtor"), by and through his counsel Certilman Balin Adler & Hyman, LLP, as and for his *ex-parte* application (the "Application") pursuant to Bankruptcy Rule 2004 for an Order (i) authorizing Guberman to issue a subpoena directing examination of and production of documents by Michele P. Silverman of Silverman & Associates; and (ii) and for such other, further and different relief as this Court may deem just, proper and equitable.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Eastern District of New

8515100.1

York, dated July 10, 1984 (Weinstein, Chief Judge). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought in this Application is based upon Bankruptcy Rule 2004.

**PROCEDURAL HISTORY**

3. On November 20, 2024 (the "Filing Date"), the Debtor filed a voluntary Chapter 7 petition, and on November 20, 2024, Marc A. Pergament (the "Trustee") was appointed as the Trustee for the estate of the Debtor and is now qualified to act as such Trustee.

4. Prior to the Filing Date, on April 24, 2023, Guberman commenced an action against the Debtor and Live Poke Auctions, LLC ("LPA") in the Supreme Court of the State of New York, County of Suffolk, under index number 610381/2023, seeking to recover damages in the amount of $350,000.00 stemming from the Debtor's breach of an agreement entered into between Guberman and the Debtor in 2022 to which Guberman relied on the Debtor's misrepresentations. Pursuant to the agreement, Guberman was to purchase merchandise for resale and manage the financial operational side of LPA expanding online trading and sports card sales business and the Debtor, would continue to handle the online streaming, sales and promotion. Guberman invested $350,000.00 and in exchange for the investment, Guberman and the Debtor agreed that when the Debtor sold the items that Guberman purchased, Guberman was to have the purchase price returned to him plus 50% profit, and the Debtor would keep the other 50% profit. This agreement was abruptly terminated by the Debtor and Guberman did not receive any return of his investment.

5. The Debtor's first §341A Meeting of Creditors ("341 Meeting") was scheduled for January 2, 2025, at 2:00 p.m. ("341 Meeting"). However, the 341 Meeting did not go forward and was adjourned to January 16, 2025, at 2:00 p.m. The Debtor appeared with counsel and was

examined by the Trustee. The 341 Meeting has been adjourned to April 9, 2025 at 4:00 p.m.

6. On January 30, 2025, the Order Granting Motion for 2004 Examination of Debtor (Dkt. No. 24) was entered. On February 3, 2025, Guberman served a Subpoena for Rule 2004 Examination ("Subpoena") upon the Debtor via federal express.

7. In connection with the Debtor's response to the request for documents contained the Subpoena, the Debtor provided a letter from Michele P. Silverman, President, E.A. of Silverman & Associates ("Silverman"), which indicated that they were the accountants for the Debtor, and based upon information received from the Debtor, the Debtor was not required to file 2022 tax returns. Annexed hereto as **"Exhibit A"** is a copy of said correspondence. Additionally, a copy of the Debtor's 2021 tax return was provided. This tax return was dated February 26, 2025, was prepared by Silverman, and indicated that the Debtor's gross receipts from his business as a consultant was $17,640.00.

8. Guberman would like to conduct an examination of Silverman to fully investigate the financial affairs of the Debtor, and to obtain documents, including but not limited to, financial documents, including bank statements, used to prepare the 2021 Tax returns, documents pertaining to the conclusion that 2022 tax returns were not necessary to file, and financial documents relating to the Debtor's finances. Annexed hereto as **"Exhibit B"** is a list of the documents requested.

### RELIEF REQUESTED

9. In view of the foregoing, Guberman requests an Order authorizing Guberman to issue a subpoena authorizing Guberman to examine Silverman, regarding the Debtor's financial affairs, and request the production of documents, including but not limited to, financial documents, including bank statements, used to prepare the 2021 Tax returns, documents pertaining to the conclusion that 2022 tax returns were not necessary to file, and financial documents relating to the

Debtor's finances, his interest in any corporations and sale of any of its assets, pursuant to Bankruptcy Rule 2004.

10. Bankruptcy Rule 2004 provides "on motion of any party in interest, the court may order the examination of any entity". Fed.R.Bankr.P.2004.

> (b) the examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Consequently, the Trustee respectfully requests that the Court enter the proposed Rule 2004 Order filed herewith.

11. Additionally, Guberman seeks authorization to serve the Order and a subpoena deuces tecum ("Subpoena"), by overnight mail, upon the Silverman, to compel the production of documents from Silverman, and to compel Silverman to appear for an examination, at 15 Frowein Road, Bldg A3, East Moriches, New York 11940. The time to produce the documents requested by, object to, move to quash or otherwise respond to the Subpoena shall be the time established by Rule 45 of the Federal Rules of Civil Procedure made applicable hereto by Bankruptcy Rule 9016.

12. As there are no novel issues of law, it is respectfully requested that the Court waive the requirement of LBR 9013-1(a) that a separate memorandum of law be submitted in connection with this application.

13. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** it is respectfully requested that an Order be entered pursuant to Rule 2004 of the Bankruptcy Rules, Order (i) authorizing Guberman to issue a subpoena directing examination of and production of documents by Michele P. Silverman of Silverman & Associates; and (ii) and for such other, further and different relief as this Court may deem just, proper and equitable.

Dated: East Meadow, New York
      March 13, 2025

                       **CERTILMAN BALIN ADLER & HYMAN, LLP**
                       Counsel to Josh Guberman

                       By:   /s/ Richard J. McCord
                              **RICHARD J. MCCORD, ESQ.**
                              90 Merrick Avenue
                              East Meadow, New York 11554
                              Phone: (516) 296-7000

# EXHIBIT A



*An Accounting Firm With A Big Reputation That's Small Enough To Know Your Name*

February 27, 2025

RE: Buoniello, Bailey
SSN:           349
Tax Year: 2022

To whom it may concern:

Please be advised that we are the accountants for Bailey Buoniello.

Based on the information we received from our conversations with Bailey, Mr. Buoniello was not required to file a tax return for the 2022 tax year.

Thank you for your attention to this matter. Please do not hesitate to reach out if you need any further assistance.

Sincerely,

Michele P. Silverman
*President, E.A.*

15 FROWEIN RD., BLDG. A3, CENTER MORICHES, NY 11934    T: 631.878.5188 | F: 631.909.4222
P.O. BOX 789, EAST MORICHES, NY 11940    E: TEAM@SILVERMANLINY.COM

WWW.SILVERMANASSOCIATE.COM

# EXHIBIT B

Bailey Buoniello
Chapter 7
Case No.:8-24-74425-las

### *DOCUMENTS REQUESTED IN CONNECTION WITH 2004 EXAMINATION OF MICHELE P. SILVERMAN OF SILVERMAN & ASSOCIATES*

1. Bank account statements, in your possession, for all accounts held by Bailey Buoniello (the "Debtor") and or any business that the Debtor has an ownership interest in, for 2022, 2023 and 2024, including copies of cancelled checks;
2. Full Copies of the Debtor's Personal Income Tax Returns and for 2021, 2022, 2023 and 2024;
3. Full copies of the income tax returns for any business that the Debtor had an ownership interest in for 2021, 2022, 2023, and 2024;
4. Copies of all documents utilized by Silverman & Associates ("Silverman") in connection with preparing the Debtor's 2021 tax returns;
5. Copies of all documents utilized by Silverman to determine that the Debtor did not need to file 2022 income tax returns;
6. Synopsis of how Silverman determined that the Debtor did not need to file 2022 income tax returns;
7. Copies of all documents used by Silverman in the preparation of any tax returns filed by the Debtor and/or any business the Debtor has or had an ownership interest in the last six years;

8515099.1